1

Judge Ronald B. Leighton

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

BRANDON LEONARD and ALICIA
LEONARD, husband and wife and the marital
community comprised thereof, individually and on
behalf of similarly situated persons,

No. 3:20-CV-05419-RBL

12

Plaintiffs,

13

v.

14

FIRST AMERICAN PROPERTY & CASUALTY
INSURANCE COMPANY; CRAWFORD &
COMPANY; and TRIER J. JOHNSON;

15

16

Defendants.

17

**DEFENDANT FIRST AMERICAN
PROPERTY & CASUALTY INSURANCE
COMPANY'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED
COMPLAINT**

18

19

**COME NOW** Defendant First American Property & Casualty Insurance Company

20

("Defendant" or "First American"), by and through its attorneys of record, and provides the

21

following responses to Plaintiffs' First Amended Complaint as well as the following affirmative

defenses.

22

23

**I. PARTIES**

24

1.      In response to paragraph 1 of Plaintiffs' First Amended Complaint, Defendant admits.

25

26

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 1
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

2.      In response to paragraph 2 of Plaintiffs' First Amended Complaint, Defendant admits.

3.      In response to paragraph 3 of Plaintiffs' First Amended Complaint, Defendant admits that Trier Johnson is an employee of Crawford & Company and was retained by First American to aid in adjusting the Leonards' claim forming the basis of this lawsuit. Defendant denies any allegations not specifically admitted.

4.      In response to paragraph 4 of Plaintiffs' First Amended Complaint, Defendant admits Crawford & Company is a company doing business in Pierce County, Washington. Defendant denies any allegations not specifically admitted.

## II. JURISDICTION AND VENUE

5.      In response to paragraph 5 of Plaintiffs' First Amended Complaint, Defendant admits that the Superior Court of Washington previously had jurisdiction over this action but denies that it currently has jurisdiction over this action.  This Court now has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1332(d), 1367, 1441, 1446, 1453, and 1962.  Defendant denies any allegations not specifically admitted.

6.      In response to paragraph 6 of Plaintiffs' First Amended Complaint, Defendant admits.

7.      In response to paragraph 7 of Plaintiffs' First Amended Complaint, Defendant admits that venue in the Superior Court of Washington (Pierce County) was proper as of the time the original Complaint was filed in state court.  Venue is now proper in the Western District of Washington (Tacoma Division) pursuant to 28 U.S.C. § 1446(a).  Defendant denies any allegations not specifically admitted.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 2
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

### III. FACTS

8.     In response to Paragraph 8 of Plaintiffs' First Amended Complaint, Defendant admits that First American issued policy WAPH 217080 to Plaintiffs. The content of the policy speaks for itself. The policy provides coverage according to its terms and not otherwise.

9.     In response to paragraph 9 of Plaintiffs' First Amended Complaint, Defendant responds that this allegation calls for a legal conclusion and therefore denies.

10.     In response to paragraph 10 of Plaintiffs' First Amended Complaint, Defendant admits on information and belief that a fire broke out at the Plaintiffs' property on or about July 13, 2019.  Defendant denies any allegations not specifically admitted herein.

11.     In response to paragraph 11 of Plaintiffs' First Amended Complaint, Defendant is without information to admit or deny and therefore denies.

12.     In response to paragraph 12 of Plaintiffs' First Amended Complaint, Defendant responds that the policy of insurance speaks for itself and provides coverage as stated therein and not otherwise.

13.     In response to paragraph 13 of Plaintiffs' First Amended Complaint, Defendant admits that Plaintiffs reported the loss to First American and that on July 16, 2019, the First American adjuster, Cara Berkley, contacted the Leonards and informed the Leonards what coverage applied and what the limits were. Defendant denies any allegations not specifically admitted.

14.     In response to paragraph 14 of Plaintiffs' First Amended Complaint, Defendant admits that on or about July 29, 2019, Ms. Berkley sent a check to the Leonards for $5,000. Defendant denies any remaining allegations.

15.     In response to paragraph 15 of Plaintiffs' First Amended Complaint, Defendant denies.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 3
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

16.     In response to paragraph 16 of Plaintiffs' First Amended Complaint, Defendant denies.

17.     In response to paragraph 17 of Plaintiffs' First Amended Complaint, Defendant is without sufficient information to form a belief as to the allegations and therefore denies.

18.     In response to paragraph 18 of Plaintiffs' First Amended Complaint, Defendant admits that a break in was reported to First American by the Leonards. Defendant is without sufficient information to form a belief as to the allegations and therefore denies.

19.     In response to paragraph 19 of Plaintiffs' First Amended Complaint, Defendant denies.

20.     In response to paragraph 20 of Plaintiffs' First Amended Complaint, Defendant admits that Plaintiffs emailed First American on September 4, 2019, the contents of which speak for themselves. Defendant is without sufficient information to form a belief as to the remaining allegations and therefore denies.

21.     In response to paragraph 21 of Plaintiffs' First Amended Complaint, Defendant admits that Plaintiffs emailed First American on September 4, 2019, the contents of which speak for themselves. Defendant is without sufficient information to form a belief as to the remaining allegations and therefore denies.

22.     In response to paragraph 22 of Plaintiffs' First Amended Complaint, Defendant is without sufficient information to form a belief as to the allegations and therefore denies.

23.     In response to paragraph 23 of Plaintiffs' First Amended Complaint, Defendant is without sufficient information to form a belief as to the allegations and therefore denies.

24.     In response to paragraph 24 of Plaintiffs' First Amended Complaint, Defendant admits that Crawford & Company was retained to aid in adjusting the Leonards' claim forming the basis of this lawsuit. Defendant denies any allegations not specifically admitted.

25.     In response to paragraph 25 of Plaintiffs' First Amended Complaint, Defendant admits.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 4
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

26.    In response to paragraph 26 of Plaintiffs' First Amended Complaint, Defendant admits that Mr. Johnson created estimates for repairs, the contents of which speak for themselves. Defendant denies any allegations not specifically admitted.

27.    In response to paragraph 27 of Plaintiffs' First Amended Complaint, Defendant admits the Leonards sent correspondence dated September 25, 2019, attaching a "Partial Proof of Loss" and a Statewide Bid, the contents of which speak for themselves. Defendant admits that First American did not respond to the proof of loss before the Leonards initiated litigation. Defendant denies any allegations not specifically admitted.

28.    In response to paragraph 28 of Plaintiffs' First Amended Complaint, Defendant is without sufficient information to form a belief as to the allegations and therefore denies.

29.    In response to paragraph 29 of Plaintiffs' First Amended Complaint, Defendant denies.

30.    In response to paragraph 30 of Plaintiffs' First Amended Complaint, Defendant denies.

31.    In response to paragraph 31 of Plaintiffs' First Amended Complaint, Defendant denies

32.    In response to paragraph 32 of Plaintiffs' First Amended Complaint, Defendant denies.

33.    In response to paragraph 33 of Plaintiffs' First Amended Complaint, Defendant denies.

34.    In response to paragraph 34 of Plaintiffs' First Amended Complaint, Defendant is without sufficient information to form a belief as to the allegations and therefore denies.

35.    In response to paragraph 35 of Plaintiffs' First Amended Complaint, Defendant admits that it issued a policy to Plaintiffs. The content of the policy speaks for itself. Defendant denies the remaining allegations of this paragraph.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 5
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

36.     In response to paragraph 36 of Plaintiffs' First Amended Complaint, Defendant admits that it issued Plaintiffs a policy.  The content of the policy speaks for itself.  The remainder of paragraph 36 calls for a legal conclusion for which no response is required.

37.     In response to paragraph 37 of Plaintiffs' First Amended Complaint, Defendant admits that the Leonards took the deposition of Cindy Van Sickle.  The transcript of that deposition speaks for itself.  Defendant denies the remaining allegations of paragraph 37.

38.     In response to paragraph 38 of Plaintiffs' First Amended Complaint, Defendant admits that it issued Plaintiffs a policy.  The content of the policy speaks for itself.  To the extent that any part of paragraph 38 calls for a legal conclusion, no response to that part is required.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 38 and denies them on that basis.

39.     In response to paragraph 39 of Plaintiffs' First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 39 and denies them on that basis.  Defendant further denies that Trier Johnson is employed by Cunningham Lindsey.

40.     In response to paragraph 40 of Plaintiffs' First Amended Complaint, Defendant denies the allegations of that paragraph.

41.     In response to paragraph 41 of Plaintiffs' First Amended Complaint, Defendant denies the allegations of that paragraph.

42.     In response to paragraph 42 of Plaintiffs' First Amended Complaint, Defendant denies the allegations of that paragraph.

43.     In response to paragraph 43 of Plaintiffs' First Amended Complaint, Defendant responds that this paragraph calls for legal conclusions and does not warrant a response.  Defendant therefore denies.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 6
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

44.     In response to paragraph 44 of Plaintiffs' First Amended Complaint, Defendant responds that this paragraph calls for legal conclusions and does not warrant a response. Defendant therefore denies.

45.     In response to paragraph 45 of Plaintiffs' First Amended Complaint, Defendant responds that this paragraph calls for legal conclusions and does not warrant a response. Defendant admits that First American did not respond to the proof of loss before the Leonards initiated litigation. Defendant denies any allegations not specifically admitted.

46.     In response to paragraph 46 of Plaintiffs' First Amended Complaint, Defendant denies.

47.     In response to paragraph 47 of Plaintiffs' First Amended Complaint, Defendant denies.

48.     In response to paragraph 48 of Plaintiffs' First Amended Complaint, Defendant denies.

## IV. ADDITIONAL FACTS RELATING TO CLASS CLAIMS

49.     In response to paragraph 49 of Plaintiffs' First Amended Complaint, Defendant denies.

50.     In response to paragraph 50 of Plaintiffs' First Amended Complaint, Defendant denies.

51.     In response to paragraph 51 of Plaintiffs' First Amended Complaint, Defendant denies.

52.     In response to paragraph 52 of Plaintiffs' First Amended Complaint, Defendant denies.

53.     In response to paragraph 53 of Plaintiffs' First Amended Complaint, Defendant responds the content of the policy speaks for itself. Defendant denies any allegations not specifically admitted.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 7
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

54.    In response to paragraph 54 of Plaintiffs' First Amended Complaint, Defendant denies.

55.    In response to paragraph 55 of Plaintiffs' First Amended Complaint, Defendant denies.

### V. CLASS ALLEGATIONS

56.    In response to paragraph 56 of Plaintiffs' First Amended Complaint, Defendant denies.

57.    In response to paragraph 57 of Plaintiffs' First Amended Complaint, Defendant denies.

58.    In response to paragraph 58 of Plaintiffs' First Amended Complaint, Defendant denies.

59.    In response to paragraph 59 of Plaintiffs' First Amended Complaint, Defendant denies.

60.    In response to paragraph 60 of Plaintiffs' First Amended Complaint, Defendant denies.

61.    In response to paragraph 61 of Plaintiffs' First Amended Complaint, Defendant denies.

62.    In response to paragraph 62 of Plaintiffs' First Amended Complaint, Defendant denies.

63.    In response to paragraph 63 of Plaintiffs' First Amended Complaint, Defendant denies.

64.    In response to paragraph 64 of Plaintiffs' First Amended Complaint, Defendant denies.

### VI. CLAIMS

65.    In response to paragraph 65 of Plaintiffs' First Amended Complaint, Defendant asserts that this allegation does not call for a response and therefore denies.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 8
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

66.     In response to paragraph 66 of Plaintiffs' First Amended Complaint, Defendant asserts that this allegation does not call for a response and therefore denies.

67.     In response to paragraph 67 of Plaintiffs' First Amended Complaint, Defendant asserts that this allegation does not call for a response and therefore denies.

68.     In response to paragraph 68 of Plaintiffs' First Amended Complaint, Defendant asserts that this allegation does not call for a response and therefore denies.

69.     In response to paragraph 69 of Plaintiffs' First Amended Complaint, Defendant asserts that this allegation does not call for a response and therefore denies.

## VII. PRAYER FOR RELIEF

Defendant denies Plaintiffs' prayer for relief in its entirety, including paragraphs A-G.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

Defendant denies each and every allegation in Plaintiffs' First Amended Complaint that is not expressly and specifically admitted above. Further, in no way should any of the admissions or denials contained herein be construed as anything other than litigation handling. Admissions and denials herein do not constitute claims handling nor should they be taken as a position by First American as to claims handling.

## RESERVATION OF RIGHTS

Defendant alleges the following affirmative defenses without assuming the burden of any matter that would otherwise rest with the Plaintiffs, and reserves the right to revise, amend, and supplement these affirmative defenses, and/or its answer, as discovery continues or the facts warrant.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 9
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.      The First Amended Complaint and each purported claim for relief therein fails to state facts sufficient to set forth a claim for relief against First American.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The First Amended Complaint and purported claims of putative class members for relief alleged therein are by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.      By reasons of the acts, omissions, and representations of Plaintiffs and/or certain putative class members, the First Amended Complaint is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.      Plaintiffs' claims and/or the claims of certain putative class members are barred by to the equitable doctrine of laches, and the unexcused delay in bringing this action, to the detriment of First American.

### FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

5.      Plaintiffs' claims and/or the claims of certain putative class members are barred by to the equitable doctrine of accord and satisfaction.

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Waiver)

3

6.      By reasons of the acts, omissions, and representations of Plaintiffs and/or certain

4

putative class members, the First Amended Complaint is barred by the doctrine of waiver.

5

## SEVENTH AFFIRMATIVE DEFENSE

6

### (Unclean Hands)

7

7.      Plaintiffs' claims and/or the claims of certain putative class members are barred, in

8

whole or in part, by the doctrine of unclean hands.

9

## EIGHTH AFFIRMATIVE DEFENSE

10

### (Failure to Mitigate Damages)

11

12

8.      Plaintiffs and/or certain putative class members are barred from recovery of

13

damages pursuant to the allegations of the First Amended Complaint, or any cause of action

14

contained therein, to the extent Plaintiffs and/or certain putative class members failed to mitigate

15

damages or to take such actions as are reasonably necessary to mitigate or avoid any such alleged

16

damages.

17

## NINTH AFFIRMATIVE DEFENSE

18

### (Claims Barred By Contract Provisions)

19

20

9.      Some or all of Plaintiffs' claims and/or the claims of certain putative class members

are barred by the express provisions of the Policy.

21

## TENTH AFFIRMATIVE DEFENSE

22

### (Primary and Exclusive Jurisdiction)

23

24

10.     Some or all of Plaintiffs' claims and/or the claims of certain putative class members

25

are barred by the doctrines of primary and/or exclusive jurisdiction, in that the Washington

26

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 11
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

Insurance Commissioner is vested with authority to determine premium amounts and regulate the adjustment of claims.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Set Off)

11.    Defendant is entitled to a set-off of any and all amounts paid by to Plaintiffs for damages claimed by Plaintiffs as a result of the incident(s) that occurred on or about July 13, 2019.

### TWELFTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

12.    Some or all of Plaintiffs' claims and/or the claims of certain putative class members are barred because First American's practices put in issue by the First Amended Complaint are not unlawful in that First American has complied with all laws alleged in the First Amended Complaint to have been violated.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

13.    First American denies that that the classes of persons Plaintiffs purport to represent have sustained any injury, damage or loss by reason of any act, error or omission on the part of First American. If however, it is established that such persons have sustained any injury, damage or loss, and that First American is liable in any amount or at all, any such injury, damage or loss was proximately caused or contributed to by negligence and other improper acts on the part of Plaintiffs and others, and the amount of any such injury, damage or loss must be apportioned, according to the respective comparative fault, among all those persons whose negligence and improper acts caused and contributed to any such alleged injuries, damages or losses.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 12
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Misrepresentation)**

14.     Plaintiffs' claims and/or the claims of certain putative class members are barred to the extent Plaintiffs and/or certain putative class members negligently or intentionally misrepresented, failed to disclose or concealed any facts material to First American.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Entitlement To Jury Trial On Equitable Claims )**

15.     Jury trials are available for actions at law only.  Therefore, Plaintiffs are not entitled to a jury trial on their equitable claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

16.     Plaintiffs' and/or putative class members' claimed injuries, damages or losses are barred or limited by their own contributory negligence.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

17.     Plaintiffs' and/or putative class members' claimed injuries, damages or losses are the fault of others who are not parties to this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Class Prerequisites Not Met)**

18.     Plaintiffs' class action allegations should be dismissed because Plaintiffs are unable to demonstrate the requisite class interest to maintain a class action, or otherwise satisfy the prerequisites for class certification.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 13
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

## NINETEENTH AFFIRMATIVE DEFENSE

### (Class Unmanageable)

19.    Plaintiffs' class action allegations should be dismissed because Plaintiffs are unable to demonstrate a manageable class.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Class Representatives Not Typical)

20.    Plaintiffs' class allegations should be dismissed because the named Plaintiffs lack standing to represent the unnamed class members, or the claims of the named Plaintiffs are not typical of those of the unnamed class members.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Not Superior Vehicle)

21.    Plaintiffs' class action allegations should be dismissed since a class action is not a superior vehicle to other methods of fairly and efficiently resolving the claims alleged herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

22.    Plaintiffs are not entitled to an award of attorney's fees.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Harm)

23.    Plaintiffs and/or putative class members' have not been harmed and, in particular, have not been harmed by any conduct of First American.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 14
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Absence of Indispensable Parties)

24.     The First Amended Complaint and each cause of action therein is barred to the extent Plaintiffs seek adjudication of the claims of absent parties, relief based upon the claims of absent parties, and/or remedies or judgment in favor of absent parties over whom this Court has no jurisdiction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

25.     Plaintiffs lacks standing to assert some or all of the claims alleged in the First Amended Complaint and First American reserves the right to challenge the standing of each putative class member.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Basis for Restitution)

26.     The First Amended Complaint fails to set forth a basis for restitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Preceding Events)

27.     Plaintiffs' damages, if any, were caused by events that preceded or occurred subsequent to the incident the subject of this lawsuit.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

28.     Plaintiffs' damages, if any, were proximately caused by events not the subject of this lawsuit.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 15
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

29.     Aside from the acts admitted to herein, Defendant's investigation and adjustment of Plaintiffs' claim has been in compliance with Washington State law and was reasonable in light of the facts and circumstances surrounding the loss and claim submitted.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Good Faith)

30.     Plaintiffs' claims are barred, in whole or in part, as Defendant's actions were at all times reasonable and taken in good faith.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Public Policy)

31.     Plaintiffs' claims are barred, in whole or in part, to the extent any recovery would be contrary to public policy.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiffs' Prevention of Defendant's Performance of Obligations)

32.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs and/or their agent(s) have prevented Defendant from performing its obligations, if any.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Not Recoverable Under Theories Pled)

33.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek damages which are not properly recoverable under the theories set forth in the Complaint, including, but not limited to, prejudgment interest and attorney's fees.

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 16
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Release, Compromise, and/or Settlement)

34.     Plaintiff's claims are barred, in whole or in part, to the extent the doctrines of payment, release (express and/or implied), compromise and/or settlement apply.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

35.     First American reserves the right to allege additional affirmative defenses as it discovers facts or circumstances supporting those affirmative defenses through discovery or otherwise.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by way of their First Amended Complaint;

2.     That the First Amended Complaint be dismissed with prejudice and judgment be entered in favor of Defendant;

3.     For set-off of any and all amounts paid by Defendant to Plaintiffs for damages claimed by Plaintiffs as a result of the incident that occurred on or about July 13, 2019;

4.     That First American be awarded costs and attorney's fees incurred in this action; and

//

//

//

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 17
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924

1       5.     For such other and further relief as this Court deems fit and proper.

2

3  Dated this 13th day of July, 2020.

4                               DENTONS US LLP

5

6                               By:    */s/ Joel D. Siegel*
                                    Joel D. Siegel (pro hac vice)

7                                      joel.siegel@dentons.com
                                    Sonia R. Martin (pro hac vice pending)

8                                      sonia.martin@dentons.com
                                    Paul M. Kakuske (pro hac vice)

9                                      paul.kakuske@dentons.com
                                    601 South Figueroa Street, Suite 2500

10                                      Los Angeles, CA 90017-5704
                                    Tel: 213 623 9300; Fax: 213 623 9924

11                                      Attorneys for Defendant FIRST AMERICAN
                                    PROPERTY & CASUALTY INSURANCE

12                                      COMPANY

13                               COLE | WATHEN | LEID | HALL, P.C.

14

15                               By:    */s/ Rory W. Leid*
                                    Rory W. Leid, WSBA #25075

16                                      rleid@cwlhlaw.com
                                    Christopher J. Roslaniec, WSBA #40568

17                                      croslaniec@cwlhlaw.com
                                    1505 Westlake Ave., Suite 700

18                                      Seattle, WA  98109
                                    Tel: 206 622 0494; Fax: 202 587 2476

19                                      Attorneys for Defendants

20  114742177

21

22

23

24

25

26

1

## <u>CERTIFICATE OF SERVICE</u>

2

    The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

3

4

    On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner

5

indicated:

6

| **Counsel for Plaintiffs:**<br>William C. Smart, WSBA #8192 | **Via ECF** |
| --- | --- |

7

Isaac Ruiz<br>McKean J Evans

8

Ruiz & Smart Plaintiff Litigation PLLC<br>95 S Jackson St, Suite 100

9

Seattle, WA 98104<br>P: (206) 203-9100

10

wsmart@plaintifflit.com<br>iruiz@plaintifflit.com

11

mevans@plaintifflit.com

12

13

    I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

14

15

    Dated this 13th day of July, 2020, at Seattle, Washington.

16

                    *s/ Sonia Chakalo*
                    Sonia Chakalo, Legal Assistant
                    schakalo@cwlhlaw.com

17

18

19

20

21

22

23

24

25

26

FIRST AMERICAN'S AMENDED ANSWER TO
FIRST AMENDED COMPLAINT - 19
3:20-CV-05419

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Tel: 213 623 9300/Fax: 213 623 9924