THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON LEONARD, *et al.*, | CASE NO. C20-5419-JCC |
| Plaintiffs, | ORDER |
| v. | |
| FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant First American Property and Casualty Insurance Company's motion to enforce an order issued by the Pierce County Superior Court (Dkt. No. 34). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ORDERS Defendant to issue a check payable solely to Plaintiffs, in accordance with the March 13, 2020 order from the Pierce County Superior Court, for the reasons explained herein.

Plaintiffs Brandon Leonard and Alicia Leonard brought suit against Defendant, their homeowner's insurance provider, alleging that Defendant failed to promptly pay the full cost of repairs to their home following a fire. (*See generally* Dkt. No. 1-3.) Plaintiffs originally filed the case in Pierce County Superior Court. (*Id.*) The case was removed and remanded on multiple occasions and now resides with this Court. (*See* Dkt. Nos. 1, 32.)

ORDER
C20-5419-JCC
PAGE - 1

Defendant brings the instant motion, asking the Court to enforce an order issued by the Pierce County Superior Court prior to removal. (*See* Dkt. No. 1-3.) That ruling followed a dispute between the parties regarding whether a check from Defendant to Plaintiffs should be made payable solely to Plaintiffs or to Plaintiffs and their lienholder. (Dkt. No. 1-4 at 10–12.) Defendant, in moving for an order from the Pierce County Superior Court, argued that it was required to make any check it issued payable to both. (Dkt. No. 1-4 at 12–15.) Plaintiffs argued that a check issued in that form would be useless to Plaintiffs because they were "unable to identify a person within the loan-servicing company [sic] to endorse the check so that it may be cashed." (Dkt. No. 1-4 at 33.)

The Pierce County Superior Court did not rule on the parties' arguments. (Dkt. No. 34-1 at 2.) Instead, it issued an order "focused on giving the parties guidance to ensure that the process of repairing the home can move forward." (*Id.*) The order directed Defendant "to attempt to coordinate with [the loan servicing company] to facilitate [its] endorsement of the check so it can be cashed" and if Defendant "cannot coordinate with [the loan servicing company] to allow *Plaintiffs to cash the check* within 30 days, [Defendant] must issue payment to [Plaintiff's attorney] in trust for [Plaintiffs] within 5 days." (*Id.* (emphasis added).) The court also noted that if "payment is issued to said trust account, Plaintiffs [must] agree to hold harmless and indemnify [Defendants] for any action by Plaintiffs' lender relating to this payment." (*Id.*)

Defendants contacted the loan servicing company following the order. (Dkt. No. 35 at 2.) The loan servicing company insisted that Plaintiffs endorse the check so that it could pay the contractor. (Dkt. No. 1-5 at 242.) Plaintiffs argue this is not consistent with the Pierce County Superior Court's order ensuring that Plaintiffs could cash any check issued by Defendant. (Dkt. No. 37 at 8.) Therefore, Plaintiffs allege that Defendant has not met the conditions of the order and, in order to comply, Defendant must issue payment to Plaintiffs' attorney to be held in trust for Plaintiffs' benefit. (*Id.*)

"'After removal, the federal court takes the case up where the State Court left it off.'"

ORDER
C20-5419-JCC
PAGE - 2

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436 (1974)). "Consequently, an order entered by a state court 'should be treated as though it had been validly rendered in the federal proceeding.'" *Id.* (quoting *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir.1963)). This Court's ability to enforce an order from the Pierce County Superior Court is not in dispute—the parties agree that this Court has such authority (*Compare* Dkt. No. 34 at 5–6, *with* Dkt. No. 37 at 9–10.) At issue, though, is how the order is interpreted.

The plain language of the order supports Plaintiff's' interpretation. According to the order, its purpose was to facilitate *Plaintiffs'* receipt of the funds—not receipt by the loan servicing company. (*See* Dkt. No. 34-1 at 2.)  According to the order, if Defendant was unable to coordinate this arrangement, then Defendant was to issue payment directly to Plaintiff's attorneys, in trust for Plaintiff. (*Id.*)

Accordingly, Defendant is ORDERED to issue payment directly to Plaintiffs via their attorney's client trust account within five (5) days of this order. If payment is tendered via check, it should be made payable solely to Plaintiffs and/or their attorneys. Plaintiffs are ORDERED to hold harmless and indemnify Defendants for any action by their lender relating to this payment.

For the foregoing reasons, Defendants' motion to enforce (Dkt. No. 34) is DENIED.

DATED this 27th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE